921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Javier RAMIREZ-CARVAJAL, Defendant-Appellant.
 No. 90-5905.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1990.
Decided Dec. 26, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Alexander Harvey, II, Chief District Judge. (CR-88-45-H)
 J. Burkhardt Beale, Boone, Beale, Carpenter & Cosby, Richmond, Va., for appellant.
 Breckinridge L. Willcox, United States Attorney, Lisa M. Griffin, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md., [APPEAL AFTER REMAND FROM, 902 F.2d 30]
 AFFIRMED.
 Before MURNAGHAN, WILKINS and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Javier Ramirez-Carvajal appeals from a revised judgment and commitment order entered pursuant to a remand from this Court. United States v. Ramirez-Carvajal, No. 88-5629 (4th Cir. Apr. 13, 1990) (unpublished). In that case, we noted that the district court had imposed a sentence under the Sentencing Reform Act and an alternative sentence conditioned on an appellate finding that the Act was unconstitutional. Because the Act was subsequently found constitutional in Mistretta v. United States, 488 U.S. 361 (1989), that conditional order became moot. However, in the order providing for parole and "good time" credits in accordance with pre-guidelines law, the district court stated that Ramirez-Carvajal's offense occurred prior to November 1, 1987, the effective date of the Act. Because this statement called into question the propriety of imposing a sentence under the guidelines, we remanded for resentencing if deemed appropriate by the district court.
 
 
 2
 On remand, the court determined that the date of the offense on this order was a clerical error. Ramirez-Carvajal's offenses were committed in or around January 1988, which made the guidelines applicable. Moreover, the order in question was part of an alternative sentencing order which had become moot upon the publication of Mistretta, 488 U.S. at 361. The court determined that resentencing was unnecessary and issued a revised judgment and commitment order rescinding its earlier alternative sentencing provisions.
 
 
 3
 On appeal, Ramirez-Carvajal claims that an attorney should have been appointed for him on remand. Because the district court correctly determined that resentencing was unnecessary because the only action appropriate on remand was the correction of a clerical error on a moot order, this proceeding was not a critical stage warranting the appointment of counsel. In any case, the district court informed Ramirez-Carvajal and his trial and appellate attorneys of his intended action and invited comment. We find that Ramirez-Carvajal was not denied a right to counsel in this proceeding.
 
 
 4
 Ramirez-Carvajal's second claim is that the rescission of the conditional order providing for parole and "good time" credits violated the Ex Post Facto Clause of the Constitution by increasing his term of incarceration after the criminal conduct occurred. Because he was properly sentenced under the guidelines, which do not provide for parole or good time credits, we find this claim meritless.
 
 
 5
 For the foregoing reasons, we affirm the district court's revised judgment and commitment order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.